## Rupert v. Rupert

*Harold E. Powell, Jr.*, for plaintiff.

ZIEGLER, *P. J.*, October 17, 1974—The complaint alleges that the present whereabouts of defendant is at a designated address in Hong Kong. Plaintiff testified that the last known residence and whereabouts of defendant at the time of the hearing was at the same place. Defendant is a citizen of the United States and has a mailing address in Mifflin County. The master found as a fact that the Hong Kong address was defendant's last known residence, his whereabouts at the time the action was commenced and his whereabouts at the time of the hearing. Defendant was served, pursuant to Pa. R.C.P. 1124(a)(3)(b), by certified mail addressed to him at the Hong Kong address and restricted to personal delivery. Paragraph (c) of said rule provides as follows:

"If at the commencement of an action of divorce or annulment of marriage, the defendant is a resident of a foreign country which has a diplomatic or consular representative with an office in this Commonwealth, the plaintiff shall give notice of the pendency of the action by sending by registered mail a copy of the complaint to the diplomatic or consular representative of the country in which the defendant resides, at the Pennsylvania office of that representative, provided such representative

has registered his name and office address with the Prothonotary of the Supreme Court for the Eastern District of Pennsylvania. This latter official shall send copies of all such registrations to the respective prothonotaries of the Middle and Western Districts."

The record is silent as to whether or not (1) a diplomatic or consular representative of Hong Kong has an office in this Commonwealth; (2) such representative registered his name and office address with such prothonotary, and (3) notice of the pendency of the action was given to such representative.

The purpose of said paragraph under prior practice, which made no provision for service other than by publication where defendants resided in foreign countries, was to ensure actual notice of pendency of the proceedings. Therefore, it applied under prior practice to American citizens living abroad as well as to aliens: Goodrich—Amram §1124(c)-1. Although service here effected did afford actual notice to defendant of pendency of the proceedings, we may not ignore said paragraph because the purpose thereof has been otherwise fullfilled. In addition to our reluctance to attempt to change said paragraph by our construction, we perceive that another purpose of it may be to afford an alternative means of communication between absent defendants and divorce forums.

In remanding the proceeding to the master, we call the following additional matters to the attention of the master and counsel for the parties:

1. Notice to plead on the amended complaint is not signed.

2. Prior actions are not alleged in accordance with Pa. R.C.P. 1126(8).

3. Notice of the master's hearing should advise of right to petition for writ of habeas corpus ad testificandum.

4. Hearing should not be held until 60 days after mailing of copy of complaint to such representative in accordance with Pa. R.C.P. 1133(b) unless no diplomatic or consular representative of Hong Kong has an office in this Commonwealth or, if otherwise, such representative has not registered his name and address with such prothonotary.

## ORDER

Now, October 17, 1974, report of master is remanded so that he will have opportunity to proceed in accordance with the foregoing opinion.